

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*Sean M. Sherman*
*Assistant United States Attorney*

*970 Broad Street, Suite 700  Direct Dial: (973) 645-2733*
*Newark, New Jersey 07102*

SMS/PLEA.AGR
2021R00506

January 21, 2022

Marc Agnifilo, Esq.
Brafman & Associates, P.C.
767 Third Avenue
New York, NY 10017

**RECEIVED**

JUN 2 9 2023

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

Re:  Plea Agreement with Alexander Schleider
Criminal Action No. 23-516-01 (MAS)

Dear Mr. Agnifilo:

This letter sets forth the plea agreement between your client, Alexander Schleider ("SCHLEIDER"), and the United States Attorney for the District of New Jersey ("this Office"). The Office's offer to enter into this plea agreement will expire on January 28, 2022, if a signed copy is not received by this Office on or before that date.

<u>Charges</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from SCHLEIDER to a two-count Information, which charges him with (1) conspiring to commit health care fraud, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349; and (2) wire fraud, in violation of 18 U.S.C. § 1343. If SCHLEIDER enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against SCHLEIDER for (1) from in or around April 2019 through in or around April 2021, conspiring to commit health care fraud in connection with orders for durable medical equipment, or (2) fraud in connection with his receipt of Government grants and loans related to the 2019 novel coronavirus ("COVID-19") from in or around April 2020 to in or around April 2021.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, SCHLEIDER agrees that any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by SCHLEIDER may be commenced against him,

notwithstanding the expiration of the limitations period after SCHLEIDER signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1349 charged in Count One of the Information to which SCHLEIDER agrees to plead guilty carries a statutory maximum penalty of ten years' imprisonment and a statutory maximum fine which is the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 1343 charged in Count Two of the Information to which SCHLEIDER agrees to plead guilty carries a statutory maximum penalty of twenty years' imprisonment and a statutory maximum fine which is the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon SCHLEIDER is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence SCHLEIDER ultimately will receive.

Further, in addition to imposing any other penalty on SCHLEIDER, the sentencing judge, with respect to both Count One and Count Two: (1) will order SCHLEIDER to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order SCHLEIDER to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; (3) must order criminal forfeiture pursuant to 18 U.S.C. § 982(a)(7), and 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); (4) may order SCHLEIDER, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (5) pursuant to 18 U.S.C. § 3583, may require SCHLEIDER to serve a term of supervised release of not more than three years on Counts One and Two, which will begin at the expiration of any term of imprisonment imposed.  Should SCHLEIDER be

- 2 -

placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, SCHLEIDER may be sentenced to not more than two years' imprisonment for Counts One and Two, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution Agreement

SCHLEIDER agrees to make full restitution for all losses resulting from the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying these offenses. The calculation of the losses resulting from the offenses of conviction is ongoing; however, the parties agree that the loss amount is at least $21,721,676.31.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on SCHLEIDER by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of SCHLEIDER's activities and relevant conduct with respect to this case.

Stipulations

This Office and SCHLEIDER agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or SCHLEIDER from

any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and SCHLEIDER waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of his acceptance of responsibility, SCHLEIDER agrees to forfeit the following to the United States of America:

(a)     pursuant to 18 U.S.C. § 982(a)(7), all property, real or personal, SCHLEIDER obtained that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the federal health care fraud offense charged in Count One of the Information, which SCHLEIDER agrees was approximately $21,399,439.02; and

(b)     pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real or personal, that which constitutes or is derived from proceeds SCHLEIDER obtained that are traceable to the wire fraud offense charged in Count Two of the Information, which SCHLEIDER agrees was approximately $322,237.29.

SCHLEIDER further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets equal to the aggregate value of the forfeitable property described above, in an amount not to exceed $21,721,676.31 (the "Money Judgment").  SCHLEIDER consents to the entry of an order requiring him to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

- 4 -

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating SCHLEIDER's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. SCHLEIDER further agrees that the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

SCHLEIDER further agrees to forfeit all of his right, title, and interest in the property listed on the attached Schedule B, which SCHLEIDER admits has the requisite nexus to the offenses charged in the Information and is therefore forfeitable to the United States of America pursuant to 18 U.S.C. § 982(a)(7) and 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) (the "Specific Property"). For the avoidance of doubt, SCHLEIDER understands and agrees that the list of property on Schedule B does not include all of the property he is required to forfeit. SCHLEIDER further understands and agrees that he is obligated under this plea agreement to forfeit all of his right, title, and interest in all property he obtained (i) that constitutes or is derived from gross proceeds traceable to the federal health care fraud offense charged in Count One of the Information, and (ii) that constitutes or is derived from proceeds traceable to the wire fraud offense charged in Count Two of the Information, and all property traceable to such property; as well as substitute assets as necessary to satisfy the Money Judgment.  Any forfeited money and the net proceeds from the disposition of the Specific Property will be applied to the Money Judgment, in partial satisfaction thereof.

SCHLEIDER further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 981(a)(1)(C). SCHLEIDER agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent SCHLEIDER has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. SCHLEIDER further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

SCHLEIDER waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. SCHLEIDER understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. SCHLEIDER waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of SCHLEIDER's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

SCHLEIDER further agrees that no later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If SCHLEIDER fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that SCHLEIDER has intentionally failed to disclose assets on his Financial Disclosure Statement, SCHLEIDER agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

It is further understood that the Office will recommend to the Attorney General that any forfeited money or property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, provided that at the conclusion of the case the Office believes that this case meets the criteria for restoration or remission under the applicable Department of Justice regulations and policies. It is further understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

<u>Immigration Consequences</u>

SCHLEIDER understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. SCHLEIDER understands that the immigration consequences of this plea will be

imposed in a separate proceeding before the immigration authorities. SCHLEIDER wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. SCHLEIDER understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, SCHLEIDER waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against SCHLEIDER. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against SCHLEIDER.

No provision of this agreement shall preclude SCHLEIDER from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that SCHLEIDER received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

      This agreement constitutes the plea agreement between SCHLEIDER and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

      Very truly yours,

      PHILIP R. SELLINGER
      United States Attorney

By: _____
      SEAN M. SHERMAN
      Assistant U.S. Attorney

APPROVED:

_____
CARI FAIS
Chief, Opioid Abuse Prevention
  & Enforcement Unit

- 8 -

I have received this letter from my attorney, Marc Agnifilo, Esq.  My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____                   Date: 5\26\22
Alexander Schleider



I have read and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture and immigration consequences.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____                   Date:   5/26/2022
Marc Agnifilo, Esq.

- 9 -

**Plea Agreement with Alexander Schleider ("SCHLEIDER")**

**Schedule A**

1. This Office and SCHLEIDER recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and SCHLEIDER nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence SCHLEIDER within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and SCHLEIDER further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

**Count One — Conspiracy to Commit Health Care Fraud**

3. The applicable guideline is U.S.S.G. § 2B1.1. See U.S.S.G. § 2X1.1(a). Because the offense of conviction does not have a statutory maximum term of imprisonment of 20 years or more, this guideline carries a Base Offense Level of 6. U.S.S.G. § 2B1.1(a)(2).

4. Because the offense involved losses totaling more than $9,500,000 but not more than $25,000,000, the Specific Offense Characteristic results in an increase of 20 levels. U.S.S.G. § 2B1.1(b)(1)(K).

5. Because SCHLEIDER was convicted of a Federal health care offense involving a Government health care program and the loss amount associated with that offense was more than $20,000,000, the offense level is increased by 4 levels. U.S.S.G. § 2B1.1(b)(7)(iii).

6. Because the offense involved sophisticated means and SCHLEIDER intentionally engaged in or caused the conduct constituting the sophisticated means, the Specific Offense Characteristic results in an increase of 2 levels. U.S.S.G. § 2B1.1(b)(10)(C).

7. No other Specific Offense Characteristics apply. Accordingly, the total offense level for Count One is 32.

- 10 -

## Count Two — Wire Fraud

8. The applicable guideline is U.S.S.G. § 2B1.1. Because the offense of conviction has a statutory maximum term of imprisonment of 20 years or more, this guideline carries a Base Offense Level of 7. U.S.S.G. § 2B1.1(a)(1).

9. Because the offense involved losses totaling more than $250,000 but not more than $550,000, the Specific Offense Characteristic results in an increase of 12 levels. U.S.S.G. § 2B1.1(b)(1)(G).

10. No other Specific Offense Characteristics apply. Accordingly, the total offense level for Count Two is 19.

## Grouping of Multiple Counts

11. SCHLEIDER and this Office agree that the conspiracy to commit health care fraud and the wire fraud are grouped together into a single group because the offense level for those counts is "determined largely on the basis of the total amount of harm or loss" under U.S.S.G. § 3D1.2(d). The offense level for this group, pursuant to U.S.S.G. § 3D1.3(b), is the highest offense level of the counts in the group, or 32. Accordingly the total combined offense level is 32.

## Acceptance of Responsibility and Plea

12. As of the date of this letter, it is expected that SCHLEIDER will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offenses and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and SCHLEIDER's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. See U.S.S.G. § 3E1.1(a) and Application Note 3.

13. As of the date of this letter, it is expected that SCHLEIDER will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in SCHLEIDER's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) SCHLEIDER enters a plea pursuant to this agreement, (b) this Office in its discretion determines that SCHLEIDER's acceptance of responsibility has continued through the date of sentencing and SCHLEIDER therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c)

SCHLEIDER's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

14. In accordance with the above, the parties agree that the total Guidelines offense level applicable to SCHLEIDER is 29 (the "agreed total Guidelines offense level").

15. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 29 is reasonable.

16. SCHLEIDER knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 29. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 29. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

17. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

## **Schedule B**

1. All right, title, and interest of Alex Schleider, Linda Schleider, Sephie Schleider, George Schleider, and their affiliated entities in all funds and other property on deposit in the accounts listed in Schedule C hereto.

2. All right, title, and interest of Alex Schleider, Linda Schleider, Sephie Schleider, George Schleider, and their affiliated entities in the real properties and appurtenances known as:

   a. 821 Holiday Court, Toms River, NJ 08753

   b. 952 Spray Avenue, Beachwood NJ 08722

   c. 1601 1st Avenue, Toms River, NJ 08757

   d. 2300 Oak Knoll Drive, Toms River, NJ 08757

   e. 50 Cattus Street, Toms River, NJ 08753

   f. 593 E. Veterans Highway, Jackson, NJ 08527

   g. 1015 Zircon Drive, Toms River, NJ 08753

   h. 4111 S. Ocean Drive, Unit 3701, Hollywood, FL

3. The net proceeds from the sale of the following real properties and appurtenances due to Alex Schleider, Linda Schleider, Sephie Schleider, and George Schleider, and their affiliated entities:

   a. 1187 Treasure Avenue, Manahawkin, NJ

   b. 14 Mizzen Drive, Barnegat, NJ

   c. 27 Oak Leaf Lane, Toms River, NJ

   d. 2 Meir Shaham City Center, Jerusalem, Israel  94581

4. All funds held in trust for or belonging to Alex Schleider, Linda Schleider, or their affiliated entities by the following attorneys or law firms:

   a. Yankee Brenner LLC;

   b. Brafman & Associates, P.C.;

- 13 -

5.      2020 Lincoln Navigator, VIN 5LMJJ 2LT5L EL077 02

6.      2020 Lincoln Navigator, VIN 5LMJJ 2LT8L EL177 85

**Schedule C**

| Bank | Account # | Account Name | Acct Address | Signers |
|------|-----------|--------------|--------------|---------|
| M&T Bank | ████8310 | Labriut Diagnostics LLC Operating Account | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| M&T Bank | ████8302 | Labriut Diagnostics LLC Payroll | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| M&T Bank | ████8294 | Labriut Diagnostics LLC Deposit Account | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| Bank of America | ████1367 | Linda Schleider and Sephie Schleider | 315 Madison Avenue, Lakewood, NJ 08701 | Linda Schleider, Sephie Schleider |
| Bank of America | ████6826 | Linda Schleider | 315 Madison Avenue, Lakewood, NJ 08701 | Linda Schleider |
| Bank of America | ████3080 | Linda Schleider | 315 Madison Avenue, Lakewood, NJ 08701 | Linda Schleider |
| JPMChase | ████1935 | 821 Holiday Court LLC | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| JPMChase | ████9105 | 952 Spray Ave LLC | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| JPMChase | ████9998 | 1601 1st Ave LLC | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| JPMChase | ████1185 | 2300 Oak Knoll LLC | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| JPMChase | ████6853 | 50 Cattus St LLC | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| JPMChase | ████2357 | 593 E Veterans Highway LLC | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| JPMChase | ████7209 | 1015 Zircon Dr LLC | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| JPMChase | ████9858 | 3701 Hyde Hollywood LLLC | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| JPMChase | ████2855 | A&L Diversified Holdin | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| JPMChase Stock Portfolio Account | ████8407 | Linda Schleider | ████ Lakewood NJ 08701 | Linda Schleider |
| JPMChase Managed Brokerage Account | ████9205 | Linda Schleider | ████ Lakewood NJ 08701 | Linda Schleider |
| JPMChase | ████7356 | Linda Schleider | ████ Lakewood NJ 08701 | Linda Schleider |
| Merrill | ████9437 | Linda Schleider | ████ Lakewood NJ 08701 | Linda Schleider |
| Merrill | ████9729 | Linda Schleider | ████ Lakewood NJ 08701 | Linda Schleider |
| Merrill | ████9953 | Linda Schleider | ████ Lakewood NJ 08701 | Linda Schleider |
| TD Ameritrade | ████3600 | Linda Schleider | ████ Lakewood NJ 08701 | Linda Schleider |
| Coin Base | INO Linda Schleider | Linda Schleider | ████ Lakewood NJ 08701 | Linda Schleider |

- 15 -