2021R00506/SMS/DMT/BAW/jw

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Shipp, U.S.D.J. |
| v. | : | Crim. No. 23-516 (MAS) |
| ALEXANDER SCHLEIDER, | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | *(MONEY JUDGMENT)* AND PRELIMINARY ORDER OF |
| | : | FORFEITURE AS TO SPECIFIC PROPERTY *(FINAL AS TO THE* |
| | : | *DEFENDANT)* |

WHEREAS, on or about June 29, 2023, defendant Alexander Schleider pleaded guilty pursuant to a plea agreement with the United States to a two-count Information, which charged him with (i) conspiring to commit health care fraud, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349 (Count One); and (ii) wire fraud, in violation of 18 U.S.C. § 1343 (Count Two). In the plea agreement, the defendant agreed to forfeit to the United States (a) pursuant to 18 U.S.C. § 982(a)(7), all property, real or personal, the defendant obtained that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the federal health care fraud offense charged in Count One of the Information, which the defendant agreed was approximately $21,399,439.02; and (b) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real or personal, that constitutes or is derived from proceeds the defendant obtained that are traceable to the wire fraud offense charged in Count Two of the

Information, which the defendant agreed was approximately $322,237.29. In the plea agreement, the defendant further acknowledged that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets in an amount not to exceed $21,721,676.31 (the "Money Judgment").

The defendant further agreed to forfeit to the United States all of his right, title, and interest in the the property listed on the attached Exhibit A, which the defendant admits has the requisite nexus to the offenses charged in the Information.

In the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; acknowledged he understood that the imposition of the Money Judgment is part of the sentence that may be imposed in this case; waived any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment. The defendant further acknowledged that any forfeiture of his assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon his in addition to forfeiture.

Having considered the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

### *Money Judgment*

1.  All property, real or personal, that constitutes or is derived from proceeds obtained by the defendant that are traceable to the commission of the healthcare fraud conspiracy and wire fraud offenses charged in the Information, to which the defendant has pleaded guilty, is forfeited to the United States, pursuant to 18 U.S.C. § 982(a)(7), and 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.  The defendant having conceded that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, the United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the proceeds the defendant obtained, which was $21,721,676.31. A money judgment in the amount of $21,721,676.31 (the "Money Judgment") is hereby entered against the defendant, pursuant to 18 U.S.C. § 982(a)(7), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

3.  All payments on the Money Judgment shall be made by (i) electronic funds transfer, as directed by the United States Attorney's Office; or (ii) postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit,

970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4.  Until the defendant is sentenced, the United States Marshals Service shall deposit all payments on the Money Judgment in its Seized Assets Deposit Account. After the defendant is sentenced and the Judgment is entered on the docket, all payments on the Money Judgment shall be forfeited to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p), and shall be deposited in the Assets Forfeiture Fund.

### *Forfeited Specific Property*

5.  As a further result of the defendant's conviction of the offenses charged in the Information, pursuant to 18 U.S.C. § 982(a)(7), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title, and interest in the property listed on the attached Exhibit A (the "Specific Property"), which the defendant admits has the requisite nexus to the offenses charged in the Information, is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

6.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States, its agent, or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

7.  Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order

for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8. Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

9. Any person, other than the defendant, claiming an interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rules G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

10. Upon adjudication of all third-party interests, and after the defendant is sentenced and the Judgment is entered on the docket, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

### *Other Provisions*

11. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made a part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

12. Any forfeited money and the net proceeds derived from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

13. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of assets to satisfy the Money Judgment, or in connection with any petitions filed pursuant to 21 U.S.C. § 853(n), including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

14. The Clerk of the Court is directed to enter a Criminal Forfeiture Money Judgment against the defendant in favor of the United States in the amount of $21,721,676.31.

15. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

Dated: June 29, 2023

_____
HON. MICHAEL A. SHIPP, U.S.D.J.

The undersigned hereby consent to
the form and entry of this Order:

PHILIP R. SELLINGER
United States Attorney

_____          Dated: 6/29/2023
By: SEAN M. SHERMAN
    DeNAE M. THOMAS
    BARBARA A. WARD
Assistant United States Attorneys

_____          Dated:
MARC AGNIFILO, ESQ.
Attorney for Defendant
Alexander Schleider

_____          Dated:
ALEXANDER SCHLEIDER, Defendant

# United States v. Alexander Schleider
## Exhibit A

1. All right, title, and interest of Alex Schleider, Linda Schleider, Sephie Schleider, George Schleider, and their affiliated entities in all funds and other property on deposit in the following accounts:

| Bank | Account # | Account Name | Acct Address | Signers |
|---|---|---|---|---|
| M&T Bank | ▮8310 | Labriut Diagnostics LLC Operating Account | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| M&T Bank | ▮8302 | Labriut Diagnostics LLC Payroll | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| M&T Bank | ▮8294 | Labriut Diagnostics LLC Deposit Account | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| Bank of America | ▮1367 | Linda Schleider and Sephie Schleider | 315 Madison Avenue, Lakewood, NJ 08701 | Linda Schleider, Sephie Schleider |
| Bank of America | ▮6826 | Linda Schleider | 315 Madison Avenue, Lakewood, NJ 08701 | Linda Schleider |
| Bank of America | ▮3080 | Linda Schleider | 315 Madison Avenue, Lakewood, NJ 08701 | Linda Schleider |
| JPMChase | ▮1935 | 821 Holiday Court LLC | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| JPMChase | ▮9105 | 952 Spray Ave LLC | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| JPMChase | ▮9998 | 1601 1st Ave LLC | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |

Exhibit A, page i of iv

| Bank | Account # | Account Name | Acct Address | Signers |
|---|---|---|---|---|
| JPMChase | 1185 | 2300 Oak Knoll LLC | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| JPMChase | 6853 | 50 Cattus St LLC | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| JPMChase | 2357 | 593 E Veterans Highway LLC | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| JPMChase | 7209 | 1015 Zircon Dr LLC | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| JPMChase | 9858 | 3701 Hyde Hollywood LLLC | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| JPMChase | 2855 | A&L Diversified Holdings LLC | 1000 Route 70, Suite 9, Lakewood, NJ 08701 | Linda Schleider |
| JPMChase Stock Portfolio Account | 8407 | Linda Schleider | Lakewood NJ 08701 | Linda Schleider |
| JPMChase Managed Brokerage Account | 9205 | Linda Schleider | Lakewood NJ 08701 | Linda Schleider |
| JPMChase | 7356 | Linda Schleider | Lakewood NJ 08701 | Linda Schleider |
| Merrill | 9437 | Linda Schleider | Lakewood NJ 08701 | Linda Schleider |

Exhibit A, page ii of iv

| Bank | Account # | Account Name | Acct Address | Signers |
|---|---|---|---|---|
| Merrill | ▇9729 | Linda Schleider | ▇▇▇ Lakewood NJ 08701 | Linda Schleider |
| Merrill | ▇9953 | Linda Schleider | ▇▇▇ Lakewood NJ 08701 | Linda Schleider |
| TD Ameritrade | ▇3600 | Linda Schleider | ▇▇▇ Lakewood NJ 08701 | Linda Schleider |
| Coin Base | INO Linda Schleider | Linda Schleider | ▇▇▇ Lakewood NJ 08701 | Linda Schleider |

2. All right, title, and interest of Alex Schleider, Linda Schleider, Sephie Schleider, George Schleider, and their affiliated entities in the real properties and appurtenances known as:

   a. 821 Holiday Court, Toms River, NJ 08753

   b. 952 Spray Avenue, Beachwood NJ 08722

   c. 1601 1st Avenue, Toms River, NJ 08757

   d. 2300 Oak Knoll Drive, Toms River, NJ 08757

   e. 50 Cattus Street, Toms River, NJ 08753

   f. 593 E. Veterans Highway, Jackson, NJ 08527

   g. 1015 Zircon Drive, Toms River, NJ 08753

   h. 4111 S. Ocean Drive, Unit 3701, Hollywood, FL

3. The net proceeds from the sale of the following real properties and appurtenances due to Alex Schleider, Linda Schleider, Sephie Schleider, and George Schleider, and their affiliated entities:

Exhibit A, page iii of iv

        a.        1187 Treasure Avenue, Manahawkin, NJ

        b.        14 Mizzen Drive, Barnegat, NJ

        c.        27 Oak Leaf Lane, Toms River, NJ

        d.        2 Meir Shaham City Center, Jerusalem, Israel 94581

4. All funds held in trust for or belonging to Alex Schleider, Linda Schleider, or their affiliated entities by the following attorneys or law firms:

        a.        Yankee Brenner LLC

        b.        Brafman & Associates, P.C.

5. 2020 Lincoln Navigator, VIN 5LMJJ 2LT5L EL077 02

6. 2020 Lincoln Navigator, VIN 5LMJJ 2LT8L EL177 85